U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

DEC 2 9 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF LADY MARIE, LLC, AS OWNER AND | * | |
| IBERIA MARINE SERVICE, LLC, AS | * | NO. 6:14-cv-00717 |
| OWNER *PRO HAC VICE,* OF M/V LADY | * | |
| MARIE, HER ENGINES, TACKLE, | * | JUDGE RICHARD T. HAIK |
| APPURTENANCES, FURNITURE, ETC., | * | |
| PRAYING FOR EXONERATION FROM | * | MAGISTRATE PATRICK J. HANNA |
| OR LIMITATION OF LIABILITY | * | |

## RULE 26(f) REPORT

Trial Date:  May 18, 2015 at 9:30 a.m.

Pretrial Conference Date:  April 28, 2015 at 10:00 a.m.

Type of Trial:  Bench

Estimated Length of trial is 5 days

**1)** **Participants**

    a)    Joseph F. Gaar, Jr.
            Jason M. Welborn
            Willard P. Schieffler
            Lucas S. Colligan
            Jacob H. Hargett
            617 S. Buchanan Street
            Lafayette, LA 70501
            (337) 233-3185
            (337) 233-0690 (FAX)
            Attorneys for Plaintiffs, Lenneth Hill, Leonard Brown, Barry Hayes, and Michael Fontenot

b)      Kristi Post
        Scheuermann & Jones, LLC
        701 Poydras Street, Suite 4100
        New Orleans, LA 70139
        (504) 525-4361
        (504) 525-4380 (FAX)
        Attorney for Plaintiff, Derrick Moreaux

c)      Marcus A. Bryant
        1405 W. Pinhook Road, Suite 110
        Post Office Box 51469
        Lafayette, LA 70505
        (337) 504-4106
        (337) 504-4167 (FAX)
        Attorney for Plaintiffs, Curtis and Sharon Richardson

d)      Lucretia Pecante-Burton
        452 E. St. Peter Street
        New Iberia, LA 70560
        (337) 374-1202
        (337) 374-1822 (FAX)
        Attorney for Plaintiffs, Curtis and Sharon Richardson

e)      Stephen C. Hanemann
        Michael J. O'Brien
        Zoe W. Vermeulen
        Kean Miller, LLP
        909 Poydras Street, 36th Floor
        New Orleans, LA 70112
        (504) 585-3050
        (504) 585-3051 (FAX)
        Attorneys for Defendants, M/V Lady Marie, LLC and Iberia Marine Service

## 2)   <u>Affirmation Regarding Initial Disclosures</u>

The parties affirm that they have complied with the initial disclosure requirements of Fed.R.Civ.P.26(a)(1) by the deadline contained in the Court's Scheduling Order.

## 3)   <u>Jurisdictional Basis</u>

This cause of action arises pursuant to the Admiralty and General Maritime Law found in 28 U.S.C.A. § 1333, et. seq. Defendants/Plaintiffs in Limitation also submit that this Court has jurisdiction pursuant to the Limitation of Liability Act, 46 U.S.C. § 181, *et seq*., Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and

Maritime Claims.

**4)      General Description of Claims**

Plaintiffs, Lenneth Hill, Leonard Brown, Barry Hayes, Michael Fontenot, Derrick Moreaux, and Curtis and Sharon Richardson, have brought suit against Iberia Marine Service, LLC, pursuant to a cause of action arising under the Admiralty and General Maritime Law found in 28 U.S.C.A. § 1333, et seq. Specifically, on October 12, 2013, plaintiffs were occupying recreational fishing vessels and were fishing near the rock jetties in Fresh Water Bayou in Vermilion Parish, Louisiana. Fresh Water Bayou is a navigable water bayou subject to navigation by vessels engaged in maritime commerce. On the date of accident, this M/V Lady Marie, a vessel owned and operated by defendant, Iberia Marine Service, LLC, was navigating Fresh Water Bayou in the area where plaintiffs' recreational boats were anchored. Plaintiffs have brought suit against Iberia Marine Service, LLC, as a result of the improper navigation or operation of the M/V Lady Marie, violations of the safe speed and lookout rules of the inland navigational rules, failing to take account its dangerous wake, the inattentiveness of the master and crew of the M/V Lady Marie, the negligence of the M/V Lady Marie, failing to appreciate the reasonable effect of its speed and motion through Fresh Water Bayou, operating at an unsafe speed in a narrow channel as to cause a dangerous condition, and/or defective appurtenances or equipment aboard the M/V Lady Marie which lead to the accident at issue. Plaintiffs specifically plea application of the *Pennsylvania Rule* for the violations of the inland navigational rules committed by the M/V Lady Marie and its crew.

Additionally, plaintiffs have answered the Complaint for Exoneration from and/or Limitation of Liability and Claim, filed by Iberia Marine Service, LLC, and Lady Marie, LLC. Specifically, plaintiffs assert that defendants are not entitled to exoneration or limitation of liability as a result of the improper appurtenances, equipment, and inadequate crew, which may be proven at the trial of this matter.

**A)      Claims of Plaintiff, Lenneth Hill:**

As a result of the October 12, 2013, accident, Lenneth Hill claims he has suffered injuries to his neck, back, eyes, and body as a whole. As a result, he has brought suit and claims for past medical expenses, future medical expenses, past and future pain and suffering, mental and emotional anguish, past and future disability, past and future loss of enjoyment of life, which damages arise out of the medical treatment, including lumbar surgery of Mr. Hill.

**B)      Claims of Plaintiff, Leonard Brown:**

As a result of the October 12, 2013, accident, Leonard Brown claims he has suffered injuries to his neck, back, and body as a whole. As a result, he has brought suit and claims for past medical expenses, future medical expenses, past and future pain and suffering, mental and emotional anguish, past and future disability, past and future loss of enjoyment of life, which damages arise out of the medical treatment.

**C)**     **Claims of Plaintiff, Barry Hayes:**

As a result of the October 12, 2013, accident, Barry Hayes claims he has suffered injuries to his neck, back, and body as a whole. As a result, he has brought suit and claims for past medical expenses, future medical expenses, past and future pain and suffering, mental and emotional anguish, past and future disability, past and future loss of enjoyment of life, which damages arise out of the medical treatment.

**D)**     **Claims of Plaintiff, Michael Fontenot:**

As a result of the October 12, 2013, accident, Michael Fontenot claims he has suffered injuries to his neck, back, and body as a whole. As a result, he has brought suit and claims for past medical expenses, future medical expenses, past and future pain and suffering, mental and emotional anguish, past and future disability, past and future loss of enjoyment of life, which damages arise out of the medical treatment.

**E)____Plaintiff, Derrick Moreaux:**

As a result of the accident of October 12, 2013, Derrick Moreaux sustained injuries to his right shoulder, cervical spine, thoracic spine, lumbar spine and right leg. He has claimed damages for past and future medical treatment, past and future lost wages, past and future pain and suffering and past and future loss of enjoyment of life.

**F)**     **Plaintiffs, Curtis and Sharon Richardson:**

As a result of the accident of October 12, 2013, Curtis Richardson sustained injuries to his arms, hands, wrist, knees, neck, back, hips and body as a whole. He has claimed damages for past and future medical treatment, past and future lost wages, loss of earning capacity, past and future pain and suffering and past and future loss of enjoyment of life.

**5)**     **Brief Statement of Responses**

**A)**     **Plaintiffs/Defendants in Limitation:**

Plaintiffs and Defendants in Limitation, Lenneth Hill, Leonard Brown, Barry Hayes, Michael Fontenot, Derrick Moreaux, and Curtis and Sharon Richardson, assert that defendants, Iberia Marine Service, LLC, and Lady Marie, LLC, are not entitled to exoneration from and/or limitation from liability of claim. Specifically, plaintiffs assert that the negligence and fault of said defendants resulted from conditions existing aboard the M/V Lady Marie, at the commencement of its voyage. As such, they are not entitled to limitation or exoneration from my ability. Additionally, plaintiffs assert and specifically allege that the vessel owner had privity and knowledge of the unsafe, negligent, and unseaworthy conditions of the Lady Marie, the incompetence of its crew, the negligent operation and/or navigational procedures employed by the Lady Marie and whichs directly contributed to the accident of October 12, 2013.

**B)     Defendants/Plaintiffs in Limitation:**

Defendants/Plaintiffs in Limitation submit that they are entitled to exoneration from and/or limitation of liability of the claims of Plaintiffs/Defendants in Limitation Lenneth Hill, Barry Hayes, Leonard Brown, Michael Fontenot, Derrick Moreaux, and Curtis and Sharon Richardson. Defendants/Plaintiffs in Limitation submit that the alleged incident, and any and all loss, damage, destruction, or injury resulting therefrom, was not caused or contributed to by any fault, negligence, design, or want of due care on the part of Defendants/Plaintiffs in Limitation, their agents, servants, employees, or anyone for whom Defendants/Plaintiffs in Limitation are or may be responsible or by any unseaworthiness of the M/V LADY MARIE, or within the privity of or knowledge of Defendants/Plaintiffs in Limitation, their directors, owners, stockholders, or managers.

Defendants/Plaintiffs in Limitation also deny that the M/V Lady Marie is responsible for the alleged waking incident complained of by Plaintiffs/Defendants in Limitation and that Plaintiffs/Defendants in Limitation suffered damages as alleged. Plaintiffs alleged incident and damages, if any, were caused or occasioned by their failure to safely operate, navigate, anchor, and maintain control of their vessels. Further, Plaintiffs failed to adhere to statutory regulations including, but not limited to, Rules 5, 6, 7, and 8 of the Inland Navigational Rules.

**6)     Anticipated Amendments to Pleadings and Motions**

**A)     Plaintiffs/Defendants in Limitation:**

Plaintiffs and Defendants in Limitation, Lenneth Hill, Leonard Brown, Barry Hayes, Michael Fontenot, Derrick Moreaux, and Curtis and Sharon Richardson, do not anticipate any amendments to pleadings or motions at this time. However, as the discovery process is ongoing, it may be necessary to file motions, including various Daubert motions, motions in limine, and/or dispositive motions for summary judgment based upon the facts uncovered.

**B)     Defendants/Plaintiffs in Limitation:**

Defendants/Plaintiffs in Limitation do not anticipate any amendments to pleadings but, after further discovery is conducted, may file motions, including Daubert motions, motions in limine, and/or dispositive motions.

**7)     Anticipated Expert Witnesses**

**Plaintiff, Lenneth Hill:**

a)      Ms. Stephanie Chalfin - Ms. Chalfin will testify as a vocational rehabilitation expert, regarding plaintiff's pre-accident employment, and post-accident employability and vocational aptitude.

b)   Mr. Richard Frenzel - Mr. Frenzel may testify as a marine operations expert, as to the facts and circumstances surrounding the accident, the safety precautions taken or not taken by defendants, the condition of the vessel and its operator, the cause of the accident, preventive measures, applicable rules and regulations, and any other opinions pertaining to the cause and prevention of the accident at issue.

c)   Dr. G. Randolph Rice - Dr. Rice will testify as an expert economist, regarding plaintiffs' past lost earnings, benefits and meals, as well as any and all future earnings or earnings capacity, benefits and meals.

d)   Dr. Ilyas Munshi - Dr. Munshi will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

e)   Dr. Neil Romero - Dr. Romero will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

f)   Dr. David Weir - Dr. Weir will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

g)   Dr. Michael Haydel - Dr. Haydel will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

h)   Any and all other health care providers, which have and/or may provide medical treatment to plaintiff during the course of this matter.

i)   Plaintiff reserves his right to add additional medical and/or other experts in accordance with the Court's Scheduling Order.

**Plaintiff, Leonard Brown:**

a)   Ms. Stephanie Chalfin - Ms. Chalfin will testify as a vocational rehabilitation expert, regarding plaintiff's pre-accident employment, and post-accident employability and vocational aptitude.

b)   Mr. Richard Frenzel - Mr. Frenzel may testify as a marine operations expert, as to the facts and circumstances surrounding the accident, the safety precautions taken or not taken by defendants, the condition of the vessel and its operator, the cause of the accident, preventive measures, applicable rules and regulations, and any other opinions pertaining to the cause and prevention of the accident at issue.

c)   Dr. G. Randolph Rice - Dr. Rice will testify as an expert economist, regarding plaintiffs' past lost earnings, benefits and meals, as well as any and all future earnings or earnings capacity, benefits and meals.

d)   Dr. Neil Romero - Dr. Romero will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

e)   Any and all other health care providers, which have and/or may provide medical treatment to plaintiff during the course of this matter.

f)   Plaintiff reserves his right to add additional medical and/or other experts in accordance with the Court's Scheduling Order.

_____**Plaintiff, Barry Hayes:**

a)   Ms. Stephanie Chalfin - Ms. Chalfin will testify as a vocational rehabilitation expert, regarding plaintiff's pre-accident employment, and post-accident employability and vocational aptitude.

b)   Mr. Richard Frenzel - Mr. Frenzel may testify as a marine operations expert, as to the facts and circumstances surrounding the accident, the safety precautions taken or not taken by defendants, the condition of the vessel and its operator, the cause of the accident, preventive measures, applicable rules and regulations, and any other opinions pertaining to the cause and prevention of the accident at issue.

c)   Dr. G. Randolph Rice - Dr. Rice will testify as an expert economist, regarding plaintiffs' past lost earnings, benefits and meals, as well as any and all future earnings or earnings capacity, benefits and meals.

d)   Dr. Sean Stehr - Dr. Stehr will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

e)   Dr. Brian Hughes - Dr. Hughes will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

f)   Any and all other health care providers, which have and/or may provide medical treatment to plaintiff during the course of this matter.

g)   Plaintiff reserves his right to add additional medical and/or other experts in accordance with the Court's Scheduling Order.

**Plaintiff, Michael Fontenot:**

a)   Mr. Richard Frenzel - Mr. Frenzel may testify as a marine operations expert, as to the facts and circumstances surrounding the accident, the safety precautions taken or not taken by defendants, the condition of the vessel and its operator, the cause of the accident, preventive measures, applicable rules and regulations, and any other opinions pertaining to the cause and prevention of the accident at issue.

b)   Dr. G. Randolph Rice - Dr. Rice will testify as an expert economist, regarding plaintiffs' past lost earnings, benefits and meals, as well as any and all future earnings or earnings capacity, benefits and meals.

c)   Dr. Neil Romero - Dr. Romero will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

d)   Any and all other health care providers, which have and/or may provide medical treatment to plaintiff during the course of this matter.

e)   Plaintiff reserves his right to add additional medical and/or other experts in accordance with the Court's Scheduling Order.

**Plaintiff, Derrick Moreaux:**

a)   Mr. Richard Frenzel - Mr. Frenzel may testify as a marine operations expert, as to the facts and circumstances surrounding the accident, the safety precautions taken or not taken by defendants, the condition of the vessel and its operator, the cause of the accident, preventive measures, applicable rules and regulations, and any other opinions pertaining to the cause and prevention of the accident at issue.

b)   G. Randolph Rice, Ph.D. – Dr. Rice may as an economic loss expert regarding Derrick Moreaux's economic damages, including past/future lost wages and/or diminution of earning capacity, loss of fringe benefits and other items of economic loss.

c)   Nathaniel Fentress – may testify regarding Derrick Moreaux's past and future employability, vocational aptitude, and job services.

d)   Dr. Keith Mack – may testify regarding Derrick Moreaux's injuries, past and future medical treatment, medical costs and physical restrictions.

e)   Dr. Chukwudi Uchendo or another representative of Abbeville General Hospital – may testify regarding emergency medical treatment provided to Derrick Moreaux on October 12, 2013.

f)    Dr. David Jewell or another representative of Advanced Imaging – may testify regarding diagnostic medical testing performed on Derrick Moreaux subsequent to his accident.

g)    Dr. Neil Romero - may testify regarding Derrick Moreaux's injuries, past and future medical treatment, medical costs and physical restrictions.

_____**Plaintiffs, Curtis and Sharon Richardson:**

a)    Mr. Glenn Hebert – Mr. Hebert will testify as a vocational rehabilitation expert, regarding plaintiff's pre-accident employment, and post-accident employability and vocational aptitude.

b)    Dr. Dennis Boudreaux - Dr. Boudreaux will testify as an expert economist, regarding plaintiffs' past lost earnings, benefits and meals, as well as any and all future earnings or earnings capacity, benefits and meals.

c)    Dr. David Wyatt - Dr. Wyatt will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

d)    Dr. Kimberly Smith - Dr. Smith will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

e)    Dr. David Darby - Dr. Darby will testify as to the injuries suffered by plaintiff, as well as any and all present and future medical treatment, future medical restrictions and/or limitations.

f)    Any and all other health care providers, which have and/or may provide medical treatment to plaintiff during the course of this matter.

g)    Plaintiff reserves his right to add additional medical and/or other experts in accordance with the Court's Scheduling Order.

**Defendants, M/V Lady Marie, LLC & Iberia Marine Service:**

Defendants/Plaintiffs in limitation anticipate calling the following witnesses:

a)    A marine liability expert;

b)    A navigational expert;

c)    Medical experts;

d)     Vocational rehabilitation consultants; and

e)     A logistics/accident reconstruction expert.

**8)**    **Discovery Plan**

    The parties agree that the Scheduling Order provided by this Court is sufficient.

**9)**    **Stipulations**

    **Plaintiffs' Proposed Stipulations:**

a)     Fresh Water Bayou is a navigable water body;

b)     The M/V Lady Marie was navigating Fresh Water Bayou on October 12, 2013;

c)     The M/V Lady Marie is a commercial vessel owned and/or operated by defendants, Iberia Marine Service, LLC, and Lady Marie, LLC; and

d)     The M/V Lady Marie was crewed by employees of defendants, Iberia Marine Service, LLC, and/or Lady Marie, LLC.

    **Defendants' Proposed Stipulations:**

a)     The M/V Lady Marie was navigating Fresh Water Bayou on October 12, 2013;

b)     The M/V Lady Marie is a commercial vessel owned and/or operated by defendants, Iberia Marine Service, LLC, and Lady Marie, LLC; and

c)     The M/V Lady Marie was crewed by employees of defendants, Iberia Marine Service, LLC, and/or Lady Marie, LLC.

**10)**    **Major Issues of Fact and Law in Dispute**

    **Plaintiff, Lenneth Hill:**

a)     Was Plaintiff injured as claimed?

b)     Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)     Did Plaintiff cause or contribute to his own injuries?

d)    Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)    Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)    What is the amount, if any, of damages Plaintiff is entitled to?

g)    Are Defendants entitled to limit their liability?

**Plaintiff, Leonard Brown:**

a)    Was Plaintiff injured as claimed?

b)    Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)    Did Plaintiff cause or contribute to his own injuries?

d)    Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)    Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)    What is the amount, if any, of damages Plaintiff is entitled to?

g)    Are Defendants entitled to limit their liability?

**Plaintiff, Barry Hayes:**

a)    Was Plaintiff injured as claimed?

b)    Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)    Did Plaintiff cause or contribute to his own injuries?

d)    Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)    Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)    What is the amount, if any, of damages Plaintiff is entitled to?

g)    Are Defendants entitled to limit their liability?

**Plaintiff, Michael Fontenot:**

a)  Was Plaintiff injured as claimed?

b)  Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)  Did Plaintiff cause or contribute to his own injuries?

d)  Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)  Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)  What is the amount, if any, of damages Plaintiff is entitled to?

g)  Are Defendants entitled to limit their liability?

**Plaintiff, Derrick Moreaux:**

a)  Was Plaintiff injured as claimed?

b)  Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)  Did Plaintiff cause or contribute to his own injuries?

d)  Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)  Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)  What is the amount, if any, of damages Plaintiff is entitled to?

g)  Are Defendants entitled to limit their liability?

**Plaintiffs, Curtis and Sharon Richardson:**

a)  Were the Plaintiffs injured as claimed?

b)  Are Defendants, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiffs?

c)  Did Plaintiffs cause or contribute to their own injuries?

d)   Do Defendants, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiffs?

e)   Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)   What is the amount, if any, of damages Plaintiffs is entitled to?

g)   Are Defendants entitled to limit their liability?

**Defendants, M/V Lady Marie, LLC & Iberia Marine Service:**

a)   Were Plaintiffs/Defendants in Limitation injured as claimed?

b)   Are Defendants/Plaintiffs in Limitation, M/V Lady Marie and Iberia Marine Service, responsible/liable for the injuries sustained by Plaintiff?

c)   Did Plaintiffs/Defendants in Limitation cause or contribute to their own injuries?

d)   Do Defendants/Plaintiffs in Limitation, M/V Lady Marie and Iberia Marine Service, have responsibility for the injuries suffered by Plaintiff?

e)   Was the vessel, *M/V LADY MARIE,* unseaworthy on the date of accident?

f)   What is the amount, if any, of damages Plaintiff is entitled to?

g)   Are Defendants entitled to limit their liability?

## 11)   **Related Case Information**

By Orders dated August 20, 2013 [Doc.19] and November 15, 2013 [Doc. 47], the following cases have been consolidated in the U.S.D.C.; Western District of Louisiana; Civil Action No. 13-00403 (LEAD), Civil Action No. 13-02319(MEMBER) and Civil Action No. 13-2918 (MEMBER).

## 12)   **Rule 16 Conference**

The parties do not see the need for a Rule 16 conference at this time.

## 13)   **Alternative Dispute Resolution (ADR)**

It is the intention of the parties in this matter to attempt alternative dispute resolutions once the underlying facts, medical treatment and restrictions of Plaintiffs have been determined through the discovery process. Once the discovery process has been completed, it is anticipated that the parties will be amenable to attempting alternative dispute resolution through private mediation or magistrate settlement conference. If alternative dispute resolution through private mediation or

magistrate settlement conference is determined to be productive by the parties, they will pick mutually convenient times and dates after receiving same from each party and the Court.

**14)**   **Consent Trials**

All parties have been advised of their right to consent to a trial by Magistrate Judge pursuant to 28 U.S.C.A. § 636(c), and at this time, do not consent to a trial by a Magistrate Judge.

**15)**   **Track Assignment**

The parties intend to remain on the general civil track through the anticipated trial of this matter. Thus, neither party would request a transfer to the accelerated nor the standby docket.

**16)**   **Electronic Courtroom:**

Outside of the medical records submitted by the parties in this case, the parties agree that this case will not be considered "document intensive". However, as discovery proceeds, if intensive document production has been performed, the parties will advise the Court of whether the "document intensive" stage of this trial will be met. At this time, counsel of record are not prepared to estimate the number of pages and documents involved.

**17)**   **Electronically Generated Exhibits or Aids**

It is anticipated that the parties will use the electronic equipment provided by the Federal Court for presentation of medical documentation and other written documents. It is anticipated that these will be scanned in accordance with the software provided by Scan Solutions and will be presented by computer, CD-ROM and video presenter.

**18)**   **Phase II Discovery**

The parties agree that, if "Phase II" is needed, they will notify the Court in accordance with the Court's Scheduling Order deadlines.

**19)**   **Handicap Provisions:**

At this time, no handicap provisions or accommodations will be necessary for the trial of this matter.  Should the parties become aware of such need, they will notify the Court in advance of the trial.

**I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.**

| | |
|---|---|
| _/s/ Jason M. Welborn_ | 12/22/14 |
| JOSEPH F. GAAR, JR. | DATE |
| JASON M. WELBORN | |
| WILLARD P. SCHIEFFLER | |
| LUCAS S. COLLIGAN | |
| JACOB H. HARGETT | |

| | |
|---|---|
| _/s/ Stephen C. Hanemann_ | 12/22/14 |
| MR. STEPHEN C. HANEMANN | DATE |
| MR. MICHAEL J. O'BRIEN | |
| MS. ZOE W. VERMEULEN | |

| | |
|---|---|
| _/s/ Kristi Post_ | 12/22/14 |
| KRISTI POST | DATE |

| | |
|---|---|
| _/s/ Marcus A. Bryant_ | 12/22/14 |
| MARCUS A. BRYANT | DATE |

| | |
|---|---|
| _/s/ Lucretia Pecante-Burton_ | 12/22/14 |
| LUCRETIA PECANTE-BURTON | DATE |